UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

EDWIN T. MURRAY, JR.,

Defendant.

---

**DECISION AND ORDER**

6:14-CR-06183 EAW

## I. INTRODUCTION

Pending before the Court is a *pro se* motion filed by defendant Edwin T. Murray, Jr. (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 55). For the reasons set forth below, Defendant's motion is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2014, Defendant was charged by an Indictment returned by a grand jury with four counts: (1) possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) use of premises to manufacture, distribute, and use a controlled substance in violation of 21 U.S.C. § 856(a)(1); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) armed career criminal in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Dkt. 10). On March 22, 2016, Defendant appeared before the undersigned and pleaded guilty pursuant to a plea agreement to Counts 1 and 3 of the Indictment. (Dkt. 41; Dkt. 42). The plea agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and contemplated an aggregate sentencing range

of 75 to 81 months in prison. (Dkt. 42 at ¶ 16). On September 23, 2016, the undersigned accepted the plea agreement and sentenced Defendant to 75 months in prison, to be followed by five years of supervised release. (Dkt. 52; Dkt. 53). Defendant is currently housed at United States Penitentiary Canaan ("USP Canaan") in Waymart, Pennsylvania, and he is scheduled to be released on May 9, 2021, *see* Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 1, 2020), although he may be eligible for placement in a halfway house in February 2021 (*see* Dkt. 57 at 2).

On May 7, 2020, Defendant filed the pending motion for compassionate release. (Dkt. 55). Defendant contends that his request for release is justified by, among other reasons: the COVID-19 pandemic[1] and his medical history, which includes "diabetes, high blood pressure, hypertension, bulging disc of the lower spine area, disablement from a prior motor vehicle accident which has left him walking with a cane and the very real possibility of someday soon being confined to a wheel chair." (*Id*. at 1). Defendant is almost 56 years old (Dkt. 54 at 2), and the medical conditions he cites appear to be confirmed by medical records attached to Defendant's motion (Dkt. 55 at 5-7).

The Government filed is response in opposition on May 21, 2020. (Dkt. 57). The Government contends that Defendant has failed to establish extraordinary and compelling reasons for a reduction in his sentence, and it cites to the lack of any current positive

---

[1] On March 13, 2020, President Trump declared a National Emergency concerning COVID-19. Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020). According to the World Health Organization's website, as of June 1, 2020, there were 6,057,853 confirmed cases of COVID-19 worldwide, with 371,166 confirmed deaths. *See* Coronavirus (COVID-19), World Health Org., https://covid19.who.int/ (last visited June 1, 2020).

COVID-19 cases at USP Canaan. (*See id*. at 9). The Government also argues that consideration of the factors set forth at 18 U.S.C. § 3553(a) mandates against Defendant's motion, citing to his extensive criminal history with multiple prior felony convictions. (*Id*. at 10-12).

The United States Probation Office ("USPO") also submitted a memorandum to the Court on May 21, 2020, in connection with Defendant's motion. (Dkt. 58).

## III. LEGAL STANDARD AND ANALYSIS

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, __ F. Supp. 3d __, No. 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). The compassionate release statute, as amended by the First Step Act, is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the

reduction in the prison sentence is consistent with the Sentencing Commission's policy statements.

The Government does not oppose Defendant's application on exhaustion grounds, as he has filed a request with the Warden at USP Canaan for release and more than 30 days have elapsed since the Warden's receipt of that request (which was denied). (Dkt. 57 at 3); *see also United States v. Wen*, __ F. Supp. 3d __, No. 6:17-CR-06173 EAW, 2020 WL 1845104, at *4-5 (W.D.N.Y. Apr. 13, 2020) (as a claim-processing rule, § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and thus subject to the doctrines of waiver and equitable estoppel). Thus, the exhaustion requirements of the statute do not operate to bar the Court's consideration of the motion.

However, the Court agrees with the Government that Defendant has failed to establish extraordinary and compelling reasons justifying the grant of his motion, and furthermore, the § 3553(a) factors counsel against granting Defendant's motion. While Defendant's medical conditions appear serious and present a heightened risk for serious illness from COVID-19, *see Frequently Asked Questions: Higher Risk*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Higher-Risk (last visited June 1, 2020), there has been nothing presented to the Court suggesting that USP Canaan is not adequately addressing those medical conditions in the face of the COVID-19 pandemic. Indeed, unlike some other BOP facilities, USP Canaan appears to have successfully thwarted the spread of the virus within its walls, at least up to this point in time, with one positive inmate case and four positive cases among the staff, all of whom

have recovered. (Dkt. 57 at 9); *see COVID-19: Coronavirus, Federal Bureau of Prisons*, https://www.bop.gov/coronavirus/ (last visited June 1, 2020).[2]

Moreover, given Defendant's criminal history and the dangerous nature of his underlying offenses of conviction, the Court agrees with the Government that consideration of the factors set forth at 18 U.S.C. § 3553(a) counsel against granting Defendant's requested relief. *See United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), __ F. Supp. 3d __, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) ("The Court thus finds that, in considering the section 3553(a) factors, it should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 55) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: June 2, 2020
Rochester, New York

---

2 In other motions filed before the undersigned, questions have been raised about the accuracy of the statistics reported on the BOP website, and those questions may be well-founded. The BOP's publicly-reported statistics for USP Canaan suggest that no inmate has tested positive for the virus, *see COVID-19: Coronavirus, Federal Bureau of Prisons*, *supra*, whereas to its credit the Government disclosed in response to Defendant's motion that one inmate tested positive for the virus, although he has since recovered (Dkt. 57 at 9). Nonetheless, even with those discrepancies, and even given the Government's acknowledgement that the facility is only testing symptomatic individuals, the record before the Court still supports the conclusion that USP Canaan appears to be successfully preventing the spread of the virus among its inmate population.