UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                    **ORDER**

EDWIN T. MURRAY, JR.,                                  6:14-CR-06183 EAW

Defendant.

---

On May 7, 2020, defendant Edwin T. Murray, Jr. ("Defendant") filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkt. 55).  The Government filed a response opposing the motion on May 21, 2020 (Dkt. 57), and the United States Probation Office also submitted a memorandum to the Court on May 21, 2020, in connection with Defendant's motion (Dkt. 58).  On June 2, 2020, the Court entered a Decision and Order ("June 2 Decision") denying Defendant's motion.  (Dkt. 59).

On June 3, 2020, a day after the Court issued the Decision and Order denying Defendant's motion, the Court received a further submission from Defendant replying to the Government's arguments.  (Dkt. 60).  On June 8, 2020, this Court issued an Order indicating that Defendant's reply did not change the Court's June 2 Decision.  (Dkt. 61).

On June 19, 2020, Defendant made a further submission to the Court entitled "Assistance in Home Placement."  (Dkt. 62).  In that filing, Defendant appears to be asking the Court's assistance with respect to his placement into home confinement and a residential re-entry center by the Bureau of Prisons ("BOP").  The Court does not have the authority to grant Defendant's request for relief.  *See United States v. Casado*, No. 19-CR-

6156-FPG, 2020 WL 3410455, at *1 (W.D.N.Y. June 22, 2020) ("[T]his Court lacks the authority under the Second Chance Act to order Defendant's transfer to home confinement or a halfway house for the duration of his sentence."); *United States v. Accardi*, No. 11 CR 12 RMB, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) ("Transfer of an inmate to a Residential Reentry Center . . . prior to release may be governed by the Second Chance Act of 2007 but 'the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC.'" (quoting *Pasonick v. Strada,* No. 12 cv 6204(SLT), 2013 WL 431332, *2 (E.D.N.Y. Feb. 4, 2013))); *see also United States v. Moore-Brown*, No. 3:17-CR-129, 2020 WL 2306855, at *1, *5 (M.D. Pa. May 8, 2020) ("The determination of which inmates qualify for home confinement under the CARES Act is with the [Bureau of Prisons] Director."); *United States v. Sawicz*, __ F. Supp. 3d __, No. 08-CR-287 (ARR), 2020 WL 1815851, at *1 (E.D.N.Y. Apr. 10, 2020) (explaining that the CARES Act expanded the maximum amount of time that the BOP Director may designate for a prisoner to spend in home confinement so long as the Attorney General makes certain findings concerning emergency conditions, which Attorney General Barr made in a memorandum dated April 3, 2020); *Jones v. Woods*, No. 2:19-CV-61-WHA, 2019 WL 2754731, at *4 (M.D. Ala. June 4, 2019), *report and recommendation adopted*, No. 2:19-CV-61-WHA, 2019 WL 2754488 (M.D. Ala. July 1, 2019) ("The court also notes that the BOP's placement determinations, including those regarding home confinement, are expressly insulated from judicial review." (citing *Reeb v. Thomas*, 636 F.2d 1224, 1227 (9th Cir. 2011))); *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (pursuant to the First Step Act, "discretion to release a prisoner

to home confinement lies solely with the Attorney General"). Moreover, the law is well-settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence, and Defendant would have to pursue any such petition in the jurisdiction where he is housed—which is not this District. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997); *see also Martinez-Brooks v. Easter*, No. 3:20-CV-00569 (MPS), 2020 WL 2813072, at *3 (D. Conn. May 29, 2020) (granting § 2241 petition and ordering medically vulnerable inmates approved for community placement at a residential re-entry center either be released to home confinement or that the warden demonstrate that it would be unsafe to do so).

Accordingly, Defendant's request that the Court become involved in the BOP's determination as to his placement in home confinement and a residential re-entry center (Dkt. 62) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      June 29, 2020
            Rochester, New York

- 3 -